UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD PYRDECK,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. EDCV 16-711 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff Donald Pyrdeck filed this action on April 15, 2016. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On October 20, 2016, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.

　　　　Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

On October 8, 2012, Pyrdeck applied for disability insurance benefits and alleged an onset date of August 20, 2012. Administrative Record ("AR") 10. The application was denied initially and on reconsideration. AR 60, 73. Pyrdeck requested a hearing before an Administrative Law Judge ("ALJ"). On September 29, 2014, the ALJ conducted a hearing at which Pyrdeck and a vocational expert ("VE") testified. AR 22-49. On November 24, 2014, the ALJ issued a decision that denied benefits. AR 7-17. On April 4, 2016, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled and thereby eligible for such benefits "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ determined that Pyrdeck met the insured status requirements through December 31, 2015. AR 12. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Pyrdeck has the severe impairments of psoriasis with joint pain, arthritis; disorder of the bilateral knees secondary to psoriatic arthritis; obesity; and degenerative joint disease. AR 12. He does not have an impairment that meets or equals a listing. AR 13. He has the residual functional capacity ("RFC") to perform light work except that he can lift/carry no more than 20 pounds occasionally and 10 pounds frequently; stand/walk 4 hours in an 8-hour workday with no prolonged standing or walking greater than about 30 minutes at a time; sit 6 hours in an 8-hour workday with the ability to stand and stretch not to exceed 10% of the day; and he is limited to frequent fine manipulation bilaterally. He is precluded from ladders, ropes and scaffolds; kneeling, crouching or crawling; and forceful gripping or grasping with the right

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

dominant hand. He is limited to unskilled, routine, repetitive tasks due to side effects from medication. AR 13. He cannot perform past relevant work, but there are jobs that exist in significant numbers in the national economy that he can perform such as routing clerk, cashier and information clerk. AR 15-16.

### C. Listed Impairment

Pyrdeck raises a single issue. He argues that the ALJ erred in finding that he did not meet or equal Listing 8.05.

At step three of the sequential analysis, the claimant bears the burden of demonstrating that his impairments are equivalent to one of the listed impairments that are so severe as to preclude substantial gainful activity. *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5 (1987). "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step." *Id.* at 141; *see also Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

"The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (quoting 20 C.F.R. § 416.925(a)) (emphasis in original). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* at 530 (emphasis in original).

Listing 8.05 consists of dermatitis, including psoriasis, "with extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed." 20 C.F.R. § 404, subpt. P, app. 1, § 8.05. The term "extensive skin lesions" is defined as "those that involve multiple body sites or critical body areas, and result in a very serious limitation. Examples of extensive skin lesions that

4

result in a very serious limitation include but are not limited to:  [¶] a.  Skin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one extremity; that, two upper extremities, two lower extremities, or one upper and one lower extremity.  [¶] b.  Skin lesions on the palms of both hands that very seriously limit your ability to do fine and gross motor movements.  [¶c]  Skin lesions on the soles of both feet, the perineum, or both inguinal areas that very seriously limit your ability to ambulate." *Id.* § 8.00(C)(1); *see Gentry v. Comm'r*, 741 F.3d 708, 724 (6th Cir. 2014).

The ALJ cited the consultative examination by an orthopedic surgeon in February 2013. AR 14, 191-96.  Dr. Bernabe observed dry, flaky patches of psoriasis throughout Pyrdeck's body including his trunk, back, arms and legs.  AR 14, 193.  However, Dr. Bernabe's findings do not support very serious limitations on Pyrdeck's ability to ambulate, sit or stand.  Pyrdeck's gait was normal and he walked on tiptoes and heels without difficulty and without evidence of weakness in the ankle flexors or extensors.  He was able to get on and off the examining table without difficulty, and was able to move around the office and examination room without assistive devices.  He sat comfortably with normal posture.  AR 14, 192-93.  With respect to Pyrdeck's ability to perform fine motor movements with his hands, Dr. Bernabe found joint tenderness and swelling at the metacarpophalangeal joints of both hands.  Pyrdeck was able to make a fist but had tenderness to palpation along the index finger with swelling of the right hand.  Pyrdeck had intact finger opposition and intact intrinsic function.  His finger range of motion was within normal limits.  AR 14, 194.  Motor strength was 5/5 throughout.  AR 14, 195.  Dr. Bernabe found that Pyrdeck could perform fine manipulative activities on a frequent basis bilaterally.  AR 14, 196.

The ALJ cited xrays in March 2013 that showed mild arthritic changes in the bilateral hands and feet, minimal degenerative changes in the ankles, and unremarkable bilateral knees and shoulders.  AR 14, 203-10, 213.  Treating

records are sparse and do not evidence the "very serious limitation" required by the Listing. Pyrdeck has not shown error. *Compare Gentry*, 741 F.3d at 724-27 (remanding for consideration of Listing 8.05 for claimant who had evidence of severe bleeding from psoriatic lesions in the hands and weakened grasp; treating physician who stated it would not be completely unreasonable for claimant to consider amputation below knee; increasingly risky and ineffective treatments that resulted in cold sweats, nausea and dangerous oral infections; and xray evidence of discogenic radiculitis, chronic cervical facetogenic pain, inflammatory spondyloarthropathy, cervical spondylosis, sciatica, lumbosacral/throacic radiculopathy, degenerative joint disease of L5-S1, severe right neural foramina narrowing at C5-C6 and broad disc osteophyte bulge at C3-C4).

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed and that judgment be entered for the Commissioner.

The Clerk shall serve copies of this Order herein on all parties or their counsel.

DATED: October 31, 2016

*alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge